IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 12, 2023 Session

**IDA STEINBERG v. RENEA STEINBERG ET AL.**

**Appeal from the Probate Court for Shelby County
No. PR-6842 Karen D. Webster, Judge**

_____

**No. W2022-01376-COA-R3-CV**
_____

In denying appellees' motion to remove an estate's personal representative, the trial court adopted appellees' proposed findings of fact verbatim and proposed conclusions of law "to the degree they [were] not in conflict with [the] court's order." The proposed findings and conclusions were signed by the trial court judge and attached to the order. Because we cannot ascertain whether the trial court's order represents its independent judgment, we vacate the order of the trial court and remand for the entry of an order that reflects that it is the product of the trial court's individualized decision-making and independent judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court Vacated and Remanded**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which THOMAS R. FRIERSON, II, and ARNOLD B. GOLDIN, JJ., joined.

Edward T. Autry and R. Scott Vincent, Memphis, Tennessee, for the appellant, Ida Steinberg.

Aubrey L. Brown, Jr., Memphis, Tennessee, for the appellee, Kimberly Steinberg.

Janet Davis Lamanna and Stanley Noel Medlin, Memphis, Tennessee, for the appellees, Renea Steinberg and Judy Franklin.

**OPINION**

**I. FACTUAL AND PROCEDURAL BACKGROUND**

This matter involves the latest installment in a long-standing probate dispute between Defendants/Appellees Renea Steinberg, Judy Franklin, and Kimberly Steinberg (collectively, "Appellees"), and Plaintiff/Appellant Ida Steinberg ("Appellant"), the daughters and beneficiaries of Lewie Polk Steinberg ("Decedent"). Because this appeal involves only a narrow issue, we discuss the case's history only as necessary.

Decedent died testate in July 2016, and his 2011 will was admitted to probate in the Shelby County Probate Court ("the trial court") in August 2016. Appellant was appointed as the Personal Representative of Decedent's estate. Over the next few years, the parties engaged in contentious litigation regarding the administration of the estate, especially the payment of attorney's fees. This Court has previously addressed two awards of attorney's fees in this matter. *See **Steinberg v. Steinberg***, No. W2020-01149-COA-R3-CV, 2022 WL 4078519 (Tenn. Ct. App. September 6, 2022).

On August 14, 2020, Appellees filed a verified petition to remove Appellant as Personal Representative, appoint a replacement, and hold Appellant in civil contempt. Therein, Appellees alleged that Appellant had not complied with the parties' October 2018 mediated settlement agreement even after the trial court's November 5, 2019 order finding the agreement to be binding and enforceable. Appellees argued that Appellant's failure to comply with the trial court's order and the mediated settlement agreement prevented the distribution of the estate's assets; created a conflict of interest between Appellant, Appellees, and the estate; and evinced a violation of Appellant's fiduciary duty as Personal Representative. Appellees requested that the trial court remove Appellant as the executor of Decedent's estate, consider each day after its November 2019 order as a separate and distinct count of civil contempt, and require Appellant to pay Appellees' attorney's fees.

The trial court heard Appellees' petition over the course of several telephonic and in-person hearings between October 2020 and April 2022. Appellees filed their proposed findings of fact and conclusions of law with the trial court on June 10, 2022. On August 24, 2022, Appellees filed an emergency motion regarding the status of the trial court's ruling in consideration of the trial court judge's impending September 1, 2022 vacation of office. Appellees requested that, if an order was not entered prior to that date, the trial court judge retain the right to render judgment on the case pursuant to statute rather than have the matter retried.

The trial court entered its order on August 30, 2022. After reciting the procedural history in response to Appellees' petition, the entirety of the order is as follows:

> **IT FURTHER APPEARS TO THE COURT** that [Appellees'] Findings of Fact and Conclusions of Law offered (1) a less stringent resolve than the court considered to render on June 21, 2022 and offered (2) an expedient means by which to close this estate at that time.

- 2 -

**IT FURTHER APPEARS TO THE COURT** that as of the date of this order, however, the Personal Representative has attended to the estate's administration, rendering moot the justification for her removal. Because the estate has been substantially administered, with not much more remaining other than to make final distributions and to close; removing the Personal Representative at this juncture would be an unnecessary expense to the estate. But for COVID-19, the Personal Representative's delayed administration would be contemptuous.

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED:**

1. That in consideration of the law, the court's review of the entire record, all relevant facts and circumstances, and due to portions of the Verified Petition have been rendered moot; it is *now* appropriate that the remaining portions of the Verified Petition be denied.
2. [Appellees'] Findings of Fact are adopted in the court's ruling and order, and are attached hereto and incorporated herein as if stated verbatim.
3. That [Appellees'] Conclusions of Law are adopted, attached, and incorporated herein to the degree they are not in conflict with this court's order.
4. The Personal Representative shall expeditiously complete administration of this estate and close this estate.
5. [Appellees'] attorney's fees and court costs shall be paid from the Estate.
6. [Appellant's] attorney's fees shall be paid by [Appellant].
7. That in accordance with Tennessee Rule Civil Procedure 54.0[2], this court expressly determines that there is no just reason for delay and expressly directs the entry of a Final Judgment on the Verified Petition to Remove Personal Representative and for Contempt.

The attached copy of Appellees' proposed findings and conclusions, discussed in more detail, *infra*, was signed and dated by the trial court judge below the line printed for the judge to sign. Appellant filed a timely notice of appeal to this Court.

## II. ISSUES PRESENTED

Appellant raises the following issues on appeal, which are taken from her brief:

1. Whether the Trial Court committed reversible error by adopting Appellee's Findings of Fact and Conclusions of Law as set forth in the Trial Court's August 30, 2022 Order.

2. Whether the Trial Court committed reversible error in the assessment of attorney's fees in the Trial Court's August 30, 2022 Order, specifically, when it required Appellant, as Personal Representative, to pay her own attorney's fees and awarded Appellees' attorney's fees to be paid from the decedent's estate.

Appellees request their attorney's fees incurred on appeal.

### III. STANDARD OF REVIEW

Under Rule 13(d) of the Tennessee Rules of Appellate Procedure, we review the trial court's factual findings de novo upon the record with a presumption of correctness. Tenn. R. App. P. 13(d). We review the trial court's legal conclusions de novo with no presumption of correctness. *Mitchell v. Mitchell*, No. E2017-00100-COA-R3-CV, 2019 WL 81594, at *3 (Tenn. Ct. App. Jan. 3, 2019). A trial court's decisions regarding the award of attorney's fees are reviewed under the abuse of discretion standard. *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011).

### IV. ANALYSIS

### A.

As a threshold jurisdictional matter, we note that we must first discuss the finality of the trial court's order because neither the trial court's order nor the adopted proposed findings of fact and conclusions of law address the specific amount of attorney's fees to be paid to Appellees by the estate. "Generally, an order that does not adjudicate all of the claims between all of the parties is 'subject to revision at any time before entry of a final judgment' and is not appealable as of right." *In re Conservatorship of Campbell*, No. M2016-02563-COA-R3-CV, 2017 WL 5067494, at *9 (Tenn. Ct. App. Nov. 3, 2017) (citing Tenn. R. App. P. 3(a)). This Court has held, however, "that when an intermediate order entered in a probate court proceeding resolves a discrete issue, the final judgment rule may be suspended." *Id.* (citing *In re Estate of Goza*, No. W2013-02240-COA-R3-CV, 2014 WL 7246509, at *4 (Tenn. Ct. App. Dec. 19, 2014) ("[W]e recognize the difficulty of applying the final judgment rule of Rule 3 to probate proceedings, which often contain multiple intermediate orders that are final with regard to certain discrete issues.")); *see also Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) (holding that the finality requirement of Rule 3(a) of the Tennessee Rules of Appellate Procedure could be waived under Rule 2 which allows the suspension of our appellate procedure rules for good cause, except as to certain rules not applicable here). In determining finality, this Court is directed to review "whether the order is temporary and whether any review is pending in the [t]rial [c]ourt." *Conservatorship of Acree v. Acree*, No. M2011-02699-COA-R3-CV, 2012 WL 5873578, at *4 (Tenn. Ct. App. Nov. 20, 2012) (noting that review as final judgments

"could be applied to orders awarding attorney's fees, or any other orders entered in a conservatorship case, which often spans many years"). Here, the trial court's August 30, 2022 order addressing Appellees' petition was neither temporary nor awaiting further review. But the discrete issue that is presented in this appeal involves an order containing two decisions regarding attorney's fees: (1) the decision to deny Appellant's request that her attorney's fees be paid from the estate; and (2) the decision to allow certain of Appellees' fees to be paid from the estate. That second decision, however, is not final because no specific number was attached to the award of attorney's fees. *See Scott v. Noland Co.*, No. 03A01-9407-CV-00248, 1995 WL 11177, at *1 (Tenn. Ct. App. Jan. 12, 1995) (concluding that there was no final order when the trial court did not award a specific amount of attorney's fees). As such, it is questionable whether this Court has subject matter jurisdiction to adjudicate this appeal in the absence of a specific amount of attorney's fees awarded to Appellees. Nevertheless, our review of the trial court's order reveals other significant deficiencies in the order, discussed, *infra*, that will require additional consideration by the trial court. So then, we turn to the merits of Appellant's assignment of error. *See Bayberry Assocs.*, 783 S.W.2d at 559.

Appellant does not dispute the trial court's denial of Appellees' request to remove her as Personal Representative for the estate. Instead, she argues that the trial court committed reversible error through its adoption of Appellees' proposed findings of fact and conclusions of law. We agree.

A court speaks through its written orders. *Williams v. City of Burns*, 465 S.W.3d 96, 119 (Tenn. 2015). Our Supreme Court has emphasized that a trial court's decisions must result from its own independent judgment. *Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303, 312 (Tenn. 2014).[1] This requirement stems from the understanding that

> [t]he essential purposes of courts and judges are to afford litigants a public forum to air their disputes, and to adjudicate and resolve the disputes between the contending parties. To carry out these purposes, judges must arrive at their decisions by applying the relevant law to the facts of the case. Because making these decisions is a "high judicial function," a court's decisions must be, *and must appear to be*, the result of the exercise of the trial court's own judgment.

*Id.* (emphasis added) (citations omitted). Moreover, "[i]n addition to expecting judges to be 'fair, impartial, and engaged,' the litigants, the bench and bar, and the public expect them to explain why a particular result is correct based on the applicable legal principles";

---

[1] This Court has previously applied the reasoning in *Smith*, which dealt with a trial court order granting summary judgment, to other types of cases where trial courts are required to make findings of fact and conclusions of law, including bench trials. *See Mitchell*, 2019 WL 81594, at *6.

indeed, a trial court "[p]roviding reasons for a decision reinforces the legitimacy of the legal process which, in turn, promotes respect for the judicial system." *Id.* at 312–13 (citations omitted).

Accordingly, "[a] trial court's verbatim adoption of verbiage submitted by the prevailing party detracts from the appearance of a hardworking, independent judge and does little to enhance the reputation of the judiciary." *Id.* at 316. As such, "findings of fact, conclusions of law, opinions, and orders prepared by trial judges themselves are preferable to those prepared by counsel." *Id.* at 314. Two conditions exist for the acceptance of party-prepared findings of fact, conclusions of law, or orders: (1) "the findings and conclusions must accurately reflect the decision of the trial court" and (2) "the record must not create doubt that the decision represents the trial court's own deliberations and decision." *Id.* at 316 (citations omitted). Thus, "when the record provides no insight into the trial court's decision-making process, or when the record 'casts doubt' on whether the trial court 'conducted its own independent review, or that the opinion is the product of its own judgment,'" reviewing courts have declined to accept a trial court's use of party-prepared findings or conclusions. *Id.* (citations omitted); *see, e.g.*, *Mitchell*, 2019 WL 81594, at *7 ("Based upon the record before us, we cannot make a determination that Wife's proposed findings of fact and conclusions of law, adopted verbatim by the trial court, represent the trial court's own independent analysis and judgment and not that of Wife or Wife's counsel."); *Cunningham v. Eastman Credit Union*, No. E2019-00987-COA-R3-CV, 2020 WL 2764412, at *5 (Tenn. Ct. App. May 27, 2020) ("Based upon the record before us, we cannot determine that [appellee's] proposed findings of fact and conclusions of law, adopted nearly verbatim by the trial court, represent the trial court's own independent analysis and judgment."); *Regions Com. Equip. Fin., LLC v. Richards Aviation Inc.*, No. W2018-00033-COA-R3-CV, 2019 WL 1949633, at *8 (Tenn. Ct. App. Apr. 30, 2019) (noting that "neither the oral ruling nor the written order give the factual or legal basis of the court's ruling and . . . the basis [is] not readily apparent; neither is there any indication that the court considered the disputed facts or [appellant's] affirmative defenses").

The trial court can comply with its obligations in a number of ways:

First, the trial court may state the grounds for its decision at the same time it announces its decision on the record. Second, the trial court may announce its decision and inform counsel that it will provide the grounds in a subsequently filed memorandum or memorandum opinion. Third, after announcing its decision, the trial court may notify the parties of the grounds for its decision by letter, as long as the letter has been provided to all parties and has been made part of the record.

*Smith*, 439 S.W.3d at 316 n.28. These scenarios all include one shared feature: that the trial court must "state the grounds for its decision *before* it invites or requests the prevailing

party to draft a proposed order." *Id.* at 316 (emphasis added). In these situations, the typical manner of determining whether a trial court exercised its independent judgment is to compare the trial court's oral ruling with its written order. *See SecurAmerica Bus. Credit v. Southland Transp. Co.*, No. W2016-02505-COA-R3-CV, 2018 WL 1100958, at *7 (Tenn. Ct. App. Feb. 27, 2018). Small differences, such as the incorporation of "facts and reasoning expounded upon by the court" will not prevent a finding that the written order reflects the deliberation of the trial court. *Hardy v. Tenn. State Univ.*, No. M2014-02450-COA-R3-CV, 2016 WL 1242659, at *7 (Tenn. Ct. App. Mar. 24, 2016). Significant expansion upon the findings and conclusions within the trial court's oral ruling, however, may "cast doubt on whether the written order reflects the independent judgment of the court." *SecurAmerica Bus. Credit*, 2018 WL 1100958, at *7 (citing *Smith*, 439 S.W.3d at 316).

The issue here, though, is not that the trial court's written order does not match its oral ruling. Indeed, the record before us contains no indication whether the trial court made an oral ruling as to Appellees' petition or provided the parties with any bases for its ultimate decision prior to the filing of Appellees' proposed findings and conclusions and the subsequent entering of the trial court's order. This Court has held that another way that the trial court may comply with *Smith* without making an oral ruling is by inviting the parties to prepare proposed orders and then independently drafting an order using the proposed orders with sufficient alterations to demonstrate independent judgment. *See Vaughn v. DMC-Memphis, LLC*, No. W2019-00886-COA-R3-CV, 2021 WL 274761, at *6 (Tenn. Ct. App. Jan. 27, 2021) ("Ms. Vaughn concedes in her brief that the written order ultimately entered by the trial court contains two paragraphs that were not included in the proposed order. . . . [T]hese alterations confirm that the order entered was not a verbatim copy of what was submitted by DMC, but was the trial court's own independent judgment."). Conversely, however, if the trial court simply adopts one of the proposed orders without alterations, then the trial court has not complied with *Smith*. *See, e.g.*, *Holston Presbytery of the Presbyterian Church (U.S.A.), Inc. v. Bethany Presbyterian Church*, No. E2022-01337-COA-R3-CV, 2023 WL 4789082, at *5 (Tenn. Ct. App. July 27, 2023) (holding that the order did not comply with *Smith* where the trial court asked the parties to prepare proposed orders then adopted one party's proposed order without alterations, but soldiering on to consider the single legal issue); *Regions Com. Equip. Fin. LLC v. Richards Aviation Inc.*, No. W2020-00408-COA-R3-CV, 2021 WL 1811754, at *6 (Tenn. Ct. App. May 6, 2021) (vacating the adoption of a party-proposed order when "the trial court made no additions, omissions, or alterations to the order proposed by" one party).

The issue presented in this case is similar to, but not identical to the above line of cases. In particular, Appellant argues that the trial court's written order is in conflict with the very findings of fact and conclusions of law that the trial court adopted, signed, and attached to the order. The trial court itself recognized the apparent inconsistency between its ultimate decision regarding the petition and Appellees' proposed conclusions of law

with its incorporation of only those conclusions "not in conflict with [the] court's order."

We agree that the trial court's actions were deficient in this case. As an initial matter, the trial court's perfunctory excision of those conclusions in conflict with her order does not clearly establish which aspects of Appellees' proposed conclusions the trial court is not adopting. The trial court's skeletal order combined with its wholesale adoption of Appellees' proposed findings of fact and imprecisely defined partial adoption of Appellees' proposed conclusions of law therefore leaves it to the parties and this Court to "perform the equivalent of an archeological dig [to] endeavor to reconstruct the probable basis for the [trial] court's decision[.]" *Smith*, 439 S.W.3d at 314 (quoting *Church v. Perales*, 39 S.W.3d 149, 157 (Tenn. Ct. App. 2000)). This plainly goes against the reminder in *Smith* of "the fundamental importance" that decisions by trial courts are "adequately explained" and "the product of the trial court's independent judgment[,]" regardless of who prepares the order. *Id.*; *see also In re Noah J.*, No. W2014-01778-COA-R3-JV, 2015 WL 1332665, at *4, *6 (Tenn. Ct. App. Mar. 23, 2015) (noting that "[w]ithout sufficient findings and conclusions, 'this court is left to wonder on what basis the court reached its ultimate decision'" and finding an abuse of discretion where "[t]he trial court's order [did] not indicate how or why it reached its decision on . . . this award of attorney's fees" despite no indication it was prepared by a party) (internal citation omitted)).

For example, proposed conclusion (15) determines that the petition's request for a finding of contempt has been rendered moot by Appellant's compliance with the mediated settlement agreement, yet the trial court's order explained that, but for the COVID-19 Pandemic, Appellant's actions would have been contemptuous. We are left to guess whether the trial court intended to strike this proposed conclusion as conflicting with its order or whether we are expected to read these conclusions in harmony.

Several other proposed conclusions reference Appellant's breach of her fiduciary duty to the estate. However, the trial court ruled both that the justification for removing Appellant as Personal Representative had been mooted and that removing Appellant would result in unnecessary expense. Thus, it is unclear whether these conclusions conflict with the trial court's ultimate decision not to remove Appellant. The trial court may have meant to conclude that Appellant had breached her fiduciary duties but other elements, like the cost of further proceedings to remove her, counseled against acting on the breach or it may have concluded that Appellant's later actions rectified what might have earlier been considered a breach. Without clear guidance from the trial court, the parties are left to interpret the trial court's meaning on their own. Although neither party has appealed the trial court's ultimate decision to remove Appellant as Personal Representative, the trial court's findings as to Appellant's efforts in that capacity are highly relevant to the attorney's fees questions in this appeal.

Likewise, proposed conclusion (14) and several proposed findings of fact include

bare, conclusory statements regarding the necessity of the parties' actions and whether the actions benefitted the estate. We explained in the prior appeal in this case that while a trial court "has discretion 'to find that . . . [an attorney's] services inured to the benefit of the estate, and that such fees should be paid as part of the costs of administration of the estate[,]' . . . we are unable to determine whether the trial court correctly exercised its discretion without some indication of what legal standard the trial court applied or what evidence it relied upon." *Steinberg*, 2022 WL 4078519, at \*6 (first quoting *Tigrett v. Tigrett*, 61 Tenn. App. 172, 203, 453 S.W.2d 100, 114 (Tenn. 1967); and then citing *In re Noah J.*, 2015 WL 1332665, at \*5). The trial court's failure to clearly provide the reasoning behind its discretionary decision, therefore, once again leaves us "wonder[ing] on what basis the court reached its ultimate decision" and "unable to afford appropriate deference to the trial court's decision[.]" *In re Noah J.*, 2015 WL 1332665, at \*5 (first quoting *Hardin v. Hardin*, No. W2012-00273-COA-R3-CV, 2012 WL 6727533, at \*3 (Tenn. Ct. App. Dec. 27, 2012); and then quoting *In re Connor S.L.*, No. W2012-00587-COA-R3-JV, 2012 WL 5462839, at \*4 (Tenn. Ct. App. Nov. 8, 2012)); *cf. Smith*, 439 S.W.3d at 314–15 (noting that "the United States Supreme Court has criticized federal trial courts for their 'verbatim adoption of findings of fact prepared by prevailing parties, particularly when those findings have taken the form of conclusory statements unsupported by citation to the record'" (citation omitted)).

Moreover, the trial court's order did not limit its adoption of the proposed findings of fact in any way, such that we might assume that each proposed finding was incorporated wholesale into the order. Yet proposed finding of fact (19) states that "[Appellees] have demonstrated good cause to have [Appellant] removed as the personal representative of the Estate." Again, it is not clear whether this statement conflicts with the trial court's ultimate decision not to remove Appellant as Personal Representative or if the two are meant to be read in harmony. But, because the trial court did not delineate any of the proposed findings as not being adopted, this finding is fully incorporated into its ruling regardless of the resulting ambiguity. As *Smith* contemplated, this insouciant verbatim adoption of Appellees' proposed findings does not lend support to "the appearance of a hardworking, independent judge" or "enhance the reputation of the judiciary." *Smith*, 439 S.W.3d at 316.

It seems that the trial court adopted Appellees' proposed findings and conclusions in an effort to resolve this matter prior to the trial court judge vacating her office. Certainly, the trial court stated that Appellees' proposed findings and conclusions offered "an expedient means by which to close this estate[.]" We recognize the protracted nature of this case and the potential relief to the parties of having this issue finalized sooner rather than later. However, these circumstances do not excuse the entering of an order in conflict with the very findings of fact and conclusions of law it adopts. Such a situation falls distinctly within the worst-case scenario envisioned by the *Smith* Court, where a trial court's "verbatim adoption of verbiage" submitted by a party creates "the impression that the trial court ceded its decision-making responsibility to one of the parties." *Smith*, 439

S.W.3d at 315. Because the trial court did not clearly provide the grounds for and reasoning behind its decision, the trial court's order does not appear to be the result of the exercise of the trial court's own independent judgment. Based on the record before us, we cannot determine whether the trial court properly performed the "high judicial function" expected of all courts. Accordingly, we vacate the trial court's judgment and remand this matter to the trial court for entry of an appropriate order demonstrating the trial court's exercise of its independent judgment and individualized decision-making.[2] *See, e.g.*, *id.*; *Mitchell*, 2019 WL 81594, at *7; *Cunningham*, 2020 WL 2764412, at *5. If, on remand, attorney's fees are awarded to either party, the trial court shall specify the amount of the award.

## B.

Appellant also disputes the trial court's ruling that Appellees' attorney's fees would be wholly paid by the estate but her attorney's fees would not be paid by the estate at all. She also argues that attorney's fees not directly related to the petition to remove her as Personal Representative of the estate were outside the scope of relief available for the trial court to award. As we have vacated the trial court's August 30, 2022 order and remanded this matter for reconsideration, these arguments have been pretermitted as moot. *See Cunningham*, 2020 WL 2764412, at *5. Moreover, an order evincing the trial court's exercise of its independent judgment in compliance with the directives in *Smith* should contain a clearer explanation for the basis of such an award in order to support meaningful appellate review of the discretionary decision of granting attorney's fees.

## C.

Appellees have requested their attorney's fees on appeal, citing to caselaw for the proposition that legal expenses incurred for the benefit of the whole estate rather than individual beneficiaries may be repaid by the estate. *See In re Estate of Waller*, No. M2022-00183-COA-R3-CV, 2022 WL 16634405, at *3 (Tenn. Ct. App. Nov. 2, 2022). However, Appellees offer no argument to explain how their actions have inured to the benefit of the estate other than the trial court's finding of the same. As discussed above, this finding by the trial court is made only in a bare statement to that effect within the

---

[2] We take judicial notice that the trial court judge has vacated her office and is no longer presiding in the trial court to review this case upon remand. *Cf. Kathryne B.F. v. Michael David B.*, No. W2014-01863-COA-R3-CV, 2015 WL 4366311, at *17 n.17 (Tenn. Ct. App. July 16, 2015) ("We take judicial notice of the fact that the original trial judge has retired."); *State v. Tawater*, No. M2013-02126-CCA-R3-CD, 2014 WL 4809537, at *8 (Tenn. Crim. App. Sept. 29, 2014) ("We take judicial notice that the trial judge who presided over this case has retired."). We have previously found it appropriate to remand to the trial court notwithstanding that a new judge may be required to preside over the matter. *Cf. Regions Com. Equip. Fin. LLC*, 2021 WL 1811754, at *7 (vacating and remanding despite the fact that the original trial judge had retired); *Steinberg*, 2022 WL 4078519, at *7 n.10. Under these circumstances, we conclude that it is appropriate to remand this matter to the trial court despite the fact that a new judge will be required to preside over this case.

proposed findings of fact it adopted verbatim. As such, we decline to exercise our discretion to award Appellees their attorney's fees on appeal. *See **Moran v. Willensky***, 339 S.W.3d 651, 666 (Tenn. Ct. App. 2010) ("An award of appellate attorney's fees is a matter within this Court's sound discretion." (citing ***Archer v. Archer***, 907 S.W.2d 412, 419 (Tenn. Ct. App. 1995))).

## V. CONCLUSION

The judgment of the Shelby County Probate Court is hereby vacated and remanded to the trial court for further proceedings consistent with this Opinion. Costs of this appeal are taxed to Appellees, Renea Steinberg, Judy Franklin, and Kimberly Steinberg, for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE